## McKee, Appellant, *v.* Smith.

*Debtor and creditor—Sale of collateral—Fictitious sale.*

Where a creditor sells, at the stock exchange, stock held by him as collateral for a debt, and by a secret arrangement with his nephew, the latter bids in the stock at a sum much smaller than the debt, but in reality pays for it a sum much larger than the debt, the debtor has a right to recover the difference, and it is no answer to his claim that the creditor paid back to his nephew a part of the secret purchase price.

Argued Oct. 31, 1907. Appeal, No. 85, Oct. T., 1907, by plaintiff, from order of C. P. No. 1, Allegheny Co., March T., 1902, No. 615, refusing to take off nonsuit in case of C. I. McKee v. L. H. Smith. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit to recover money had and received for the defendant. Before COLLIER, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order to take off nonsuit.

*Levi Bird Duff*, for appellant.—The holder of collateral securities, with power to sell them for his debt, is not bound to obtain the highest possible price for them, but he is bound

to the exercise of common prudence and good faith in his management and conversion of them : Bank v. Baeder Glue Co., 164 Pa. 1 ; Dwight v. Singer, 27 Pa. Superior Ct. 119 ; Sparhawk v. Drexel, 12 N. B. R. 450 ; Pauly v. State Loan & Trust Co., 165 U. S. 606 (17 Sup. Ct. Repr. 465) ; Bank v. Rafferty, 207 Pa. 238.

*Homer L. Castle*, with him *S. W. Cunningham* and *Sion B. Smith*, for appellee.

OPINION BY MR. JUSTICE FELL, January 6, 1908 :

This action was brought to recover the difference between the amount for which shares of stock held as a collateral security for the payment of the plaintiff's note were sold and the amount of the debt they were pledged to secure. The plaintiff gave his note to the defendant for $2,395.86, payable one year after date, and deposited with him as collateral security thirty shares of the stock of L. H. Smith Wooden Ware Company. The note contained a power to sell the collateral on nonpayment at maturity, and gave the payee the right to purchase at his sale. After the maturity of the note, and demand and refusal to pay, the defendant caused the stock to be sold at the Pittsburg Stock Exchange and it was purchased by his nephew, who was in his employ, for $300. The plaintiff alleged in his statement of claim that the sale was prearranged and fictitious; that the price was grossly inadequate; that the defendant did not transfer the stock to the pretended purchaser, but retained the control and ownership of it until the company was merged with another company which issued to him its stock which he sold for $4,500; and that he in fact realized this amount from the sale of the stock pledged.

It appeared from the testimony that after the sale at the stock exchange the defendant opened an account with his nephew in which he charged him with $3,000 for this stock and credited him with $300 cash paid; and the defendant, who was called as a witness by the plaintiff, testified that he afterwards received from his nephew $2,700 for the stock, $800 of which he subsequently refunded. The failure to show irregularity in the sale or such gross inadequacy of price as would indicate a want of good faith, did not defeat the plain-

tiff's action if, in fact, the price obtained exceeded the amount due on the note.· In adjusting the account between them the plaintiff was entitled to credit for the full amount received from the sale of the stock and he was not precluded from an inquiry as to this because the bid at the stock exchange was only $300. If the defendant had bought for that amount and afterwards sold for a greater amount, the profit would have been his; but if, at the time of the sale, there was an understanding that he was to receive $3,000, without regard to the amount of the bid, there was a sale at that price; that there was this understanding might be inferred from the testimony of the defendant. The argument that the plaintiff should be credited with only $2,200 because $800 of the price was refunded, and that there could be no recovery because a credit of this amount would not pay the note, is without force. If the defendant refunded a part of the price received, he, is not the less answerable for the whole.

The judgment is reversed with a procedendo.